USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/18/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VLADIMIR KRULL,

Petitioner,

-against-

ROSSANA ROSADO,

Respondent.

1:25-cv-6400 (MKV)

OPINION AND ORDER DISMISSING PETITION FOR HABEAS CORPUS

MARY KAY VYSKOCIL, United States District Judge:

Petitioner Valdimir Krull was convicted of multiples crimes by a jury in New York Supreme Court, Bronx County, because he repeatedly raped his girlfriend's daughter over the course of several years, starting when the victim was 13 years old. State courts have previously rejected Petitioner's efforts to attack his convictions and granted him relief with respect to his sex offender classification. He has now filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asking this Court to vacate his conviction, complaining that he remains subject to certain conditions pursuant to the New York Sexual Offender Registration Act ("SORA") [ECF No. 1 ("Petition")]. Petitioner, however, is no longer in state custody, a pre-requisite for seeking habeas relief under 28 U.S.C. § 2254(a). As such, the Petition is dismissed for lack of jurisdiction.

## I. BACKGROUND[1]

### A. Conviction and Sentence

In 2013, Petitioner Valdimir Krull, "then a police sergeant," began a sexual relationship with "his girlfriend's 13-year-old daughter." Marinelli Aff. ¶ 2. He engaged in anal, vaginal, and oral sex with her. *Id.* On January 23, 2017, a Bronx jury found Petitioner guilty of rape in the

[1] The facts are taken from the exhibits in the Appendix to the Petition [ECF Nos. 1-1, 1-2 (collectively, ("Pet. App.")] and the affirmation of Assistant District Attorney Christopher Marinelli [ECF No. 11 at 3–11 ("Marinelli Aff.")].

second degree, in violation of New York Penal Law ("PL") § 130.30(1), second-degree criminal sexual act in violation of PL § 130.45(1), second-degree sexual abuse in violation of PL § 130.60(2); and endangering the welfare of a child in violation of PL § 260.10(1). *See* Pet. App. at A11–A12 ("Verdict Sheet"); *id.* at A13–14 ("Sentence and Commitment Sheet"). On March 16, 2017, the state court sentenced Petitioner to three years of imprisonment followed by five years of post-release supervision. *See* Marinelli Aff. ¶ 5; Sentence and Commitment Sheet.

Petitioner was released from prison on January 20, 2020. Marinelli Aff. ¶ 7. He was discharged from post-release supervision on August 3, 2022. *Id.* ¶ 9.

**B. SORA Proceedings**

Before his release from prison, Petitioner was adjudicated a level two sex offender pursuant to the New York Sexual Offender Registration Act ("SORA"), meaning he is a sex offender who poses a moderate risk of reoffending. *See* Marinelli Aff. ¶ 6; N.Y. Correct. Law §§ 168-a *et seq*. Thereafter, however, Petitioner appealed his classification and was reclassified as a level one sex offender, with a low risk of reoffending. Marinelli Aff. ¶ 10; *see People v. Krull*, 208 A.D.3d 163, 168–73, 172 N.Y.S.3d 439, 443–446 (1st Dep't 2022). As a level one sex offender, Petitioner is required to register annually with the New York State Division of Criminal Justice Services ("DCJS") for a period of twenty years, which can be done by mail. *See* N.Y. Correct. Law §§ 168-b(4), 168-h. Unlike a level two offender, his information is not listed on a publicly available online database. *Id.* § 168-q(1); *see Krull*, 220 A.D.3d at 171, 172 N.Y.S.3d at 445. Petitioner must have his photograph taken in person every three years. N.Y. Correct. Law § 168-f(2)(b-3). He must alert DCJS, at a cost of $10 per update, when he changes his address, opens new email or social media accounts, or enrolls in higher education. *Id.* §§ 168-b(1)(b), 168-b(8), 168-f(4), 168-h(1). He may be denied insurance coverage for erectile dysfunction medication, and he cannot work on

an ice cream truck. *Id.* §§ 168-b(2)(c), 168-v.

**C. Post-Conviction Proceedings**

After his release from prison, Petitioner moved in Bronx County Supreme Court to vacate his conviction, arguing through new counsel that his trial counsel had been ineffective. *See* Pet. App. at A15–91. The Supreme Court denied the motion. *See id*. at A182–83. Thereafter, a justice of the Appellate Division, First Department, denied Petitioner's request for leave to appeal the Supreme Court's denial to the Appellate Division. *See id*. at A244.

Petitioner also filed a direct appeal of his conviction. *See People v. Krull*, 220 A.D.3d 517, 197 N.Y.S.3d 47 (1st Dep't 2023). The First Department unanimously affirmed Petitioner's conviction. *Id.* He was subsequently denied leave to appeal this decision to the New York Court of Appeals. *See People v. Krull*, 41 N.Y.3d 1003, 213 N.Y.S.3d 224 (2024).

**D. Procedural History of this Case**

On August 4, 2025, three years after he was discharged from post-release supervision, *see* Marinelli Aff. ¶ 9, Petitioner initiated this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1 (the "Petition" or "Pet.")] together with an appendix of exhibits [ECF Nos. 1-1, 1-2 ("Pet. App.")] and a memorandum of law in support of the Petition [ECF No. 2 ("Pet. Mem.")]. In this memorandum of law, Petitioner principally argues that the Court should issue a writ of habeas corpus because his trial counsel was ineffective. *See* Pet. Mem. at 29–42. He also argues that the Court has jurisdiction to issue the writ because, he contends, Petitioner "remains in 'custody' for habeas jurisdictional purposes" since he "is still subject to [sex offender] registration and reporting requirements and liberty restrictions." *Id.* at 42 (italics omitted) (quoting 28 U.S.C. § 2254(a)).

The Court referred the case to the designated Magistrate Judge, who thereafter issued an

Order To Answer [ECF Nos. 4, 7]. Respondent filed a motion to dismiss the Petition for lack of subject matter jurisdiction supported by an affirmation of Assistant District Attorney Christopher Marinelli and a memorandum of law [ECF No. 11 at 3–11 ("Marinelli Aff."); ECF No. 11 at 12–36 ("Resp. Mem.")]. Respondent argues that, although the Second Circuit has not ruled on the issue, there is "overwhelming authority for the proposition" that SORA conditions "do not satisfy the 'in custody' requirement" for seeking habeas relief under Section 2254 and, therefore, the Court lacks jurisdiction to entertain the Petition. Resp. Mem. at 9 (quoting *Rodriguez v. Att'y Gen.*, No. 10-cv-3868 (PGG), 2011 WL 3875328, at *5 (S.D.N.Y. Sept. 2, 2011)). Petitioner responded with a memorandum of law in opposition to Respondent's motion to dismiss, expanding upon the arguments in his earlier memorandum [ECF No. 12 ("Pet. Opp.")].

The Magistrate Judge thereafter issued a Report and Recommendation recommending that the Court grant the motion to dismiss for lack of subject matter jurisdiction [ECF No. 13 ("R&R")]. Petitioner timely filed objections to the R&R, reiterating his position that SORA conditions constitute custody for purposes of habeas jurisdiction and complaining that the Magistrate Judge did not reach his ineffective assistance claim [ECF No. 14 ("Pet. Obj.")]. Respondent thereafter filed a submission, which it labeled an objection, stating that "Respondent agrees with the magistrate's recommendations" [ECF No. 15 ("Resp. Obj.") at 2].

## II. LEGAL STANDARD

In reviewing a report and recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* "Where a litigant's objections take 'issue with a specific legal conclusion in the report and recommendation,'

they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025) (quoting *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 121 (2d Cir. 2022)).

## III. DISCUSSION

Petitioner objects to the dispositive legal conclusion in the Report and Recommendation that the Court lacks jurisdiction to entertain the Petition because Petitioner is not in custody. *See* Pet. Obj. at 2–6. As such, the Court considers this issue *de novo*, without affording deference to the R&R. *See Nambiar*, 158 F.4th at 361. On its *de novo* review, the Court concludes that it clearly lacks jurisdiction to entertain the Petition.

Title 28, United States Code, Section 2254(a) expressly authorizes a federal district court to entertain a collateral attack on a state court conviction, via a petition for a writ of habeas corpus under Section 2254, only if the petitioner is "in custody." 28 U.S.C. § 2254(a). Specifically, the statute provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." *Id*. (emphases added). Thus, the Supreme Court and the Second Circuit have squarely held that a district court has "jurisdiction" only if "the habeas petitioner [is] 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); *see Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) ("In order for a federal court to have jurisdiction over a habeas petition, the petitioner must be "in custody pursuant to the judgment of a State court" at the time the petition is filed") (quoting 28 U.S.C. § 2254(a)).

To be sure, certain "restraints on a man's liberty" short of "physical imprisonment" have been deemed sufficient to satisfy the custody requirement for habeas jurisdiction. *Nowakowski*,

835 F.3d at 215 (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963)). However, the Supreme Court and the Second Circuit have made clear that the custody requirement may be satisfied only by "*severe* restraints." *Vega v. Schneiderman*, 861 F.3d 72, 74 (2d Cir. 2017) (emphasis added) (quoting *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist.*, 411 U.S. 345, 351 (1973)). It is well settled that lesser restraints "do not satisfy the 'in custody' requirement" and, therefore, do not support habeas jurisdiction. *Id.* at 75; *see Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 894 (2d Cir. 1996) (explaining that "the inquiry into whether a petitioner has satisfied the jurisdictional prerequisites for habeas review requires a court to judge the 'severity' of an actual or potential restraint on liberty").

While the Second Circuit has not directly ruled on whether SORA requirements constitute custody, relevant precedent makes clear that Petitioner here does not satisfy the "in custody" requirement for purposes of establishing habeas jurisdiction. In particular, the Supreme Court has held that "the collateral consequences of [a] petitioner's conviction," such as "his inability to vote, engage in certain businesses, hold public office, or serve as a juror" are "not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack." *Maleng*, 490 U.S. at 491–92 (internal quotation marks and citation omitted). Moreover, the Second Circuit has explained, "the *imposition* of fines or civil disabilities" in connection with a criminal conviction typically do not suffice. *Nowakowski*, 835 F.3d at 216 (emphasis added). In particular, the Second Circuit has held that a restitution order, requiring monthly payments, did not satisfy the custody requirement. *Kaminski v. United States*, 339 F.3d 84, 87 (2d Cir. 2003). The Second Circuit has also held that a petitioner's removal from the bench, revocation of his license to practice law, and disqualification from being licensed as a real estate broker or insurance agent were insufficient. *Ginsberg v. Abrams*, 702 F.2d 48, 49 (2d Cir. 1983). An order of protection prohibiting contact with a victim

is also insufficient. *Vega*, 861 F.3d at 75.

Here, as stated above, Petitioner is required to register annually for twenty years, which he can do by mail. *See* N.Y. Correct. Law §§ 168-b(4), 168-h. He must go, in person, to have his photograph taken once every three years. *See id*. § 168-f(2)(b-3). He must alert DCJS, at a cost of $10 per update, when he makes certain changes, including to his address and online presence. *See Id*. §§ 168-b(1)(b), 168-b(8), 168-f(4), 168-h(1). He might also be denied insurance coverage for erectile dysfunction treatments, and he cannot work on an ice cream truck. *See id.* §§ 168-b(2)(c), 168-v. Petitioner is not listed as a sex offender on any publicly available database. *See Krull*, 208 A.D.3d at 163, 172 N.Y.S.3d at 439.

The restrictions on Petitioner are "modest," rather than severe. *Vega*, 861 F.3d at 75. While Petitioner must continue to register for twenty years, which is a long period of time, the Second Circuit has expressly stressed "the nature, rather than the duration, of the restraint" in assessing severity. *Nowakowski*, 835 F.3d at 216. The requirement that Petitioner renew his registration each year for twenty years is, therefore, not a severe restraint since he can do so by mail, which means it does not require his "physical presence at a particular time or location." *Vega*, 861 F.3d at 75. The updates Petitioner is required to submit to the DCJS likewise do not require physical presence on command. *Id.* The small fee he must pay to make the updates are less burdensome than an order of restitution. *See Kaminski*, 339 F.3d at 87. While Petitioner must appear in person to be photographed, he must do so only once every three years and has some discretion as to the timing. *See* N.Y. Correct. Law § 168-f(2)(b-3). That Petitioner cannot work on an ice cream truck, which he has not indicated he has ever done or wishes to do, is clearly a less severe restriction on his liberty than removal from the bench, revocation of a law license, and disqualification from other professional licenses. *See Ginsberg*, 702 F.2d at 49. The possibility that Petitioner might

request and be denied insurance coverage for an erectile dysfunction treatment is far too "speculative" and insufficiently severe to constitute custody. *Vega*, 861 F.3d at 75.

Thus, as one court in this District explained, "there is overwhelming authority for the proposition that conditions such as those imposed by SORA do not satisfy the 'in custody' requirement." *Rodriguez*, 2011 WL 3875328, at *5. Indeed, a number of district courts in this circuit have specifically ruled that the New York SORA requirements do not constitute custody. *See Davis v. Nassau County,* 524 F. Supp. 2d 182, 186–92 (E.D.N.Y. 2007); *White v. LaClair*, No. 19-cv-1283 (MKB), 2021 WL 200857 at *6–*9 (E.D.N.Y. Jan. 19, 2021); *Best v. New York City Police Dep't Sex Offender Unit*, No. 20-cv-2382 (WFK), 2020 WL 2933441 at *2 (E.D.N.Y. June 3, 2020); *Fowler v. Fischer*, No. 18-cv-2769 (ER)(HBP), 2019 WL 2551766, at *4–*5 (S.D.N.Y. May 30, 2019), *report and recommendation adopted*, 2019 WL 2544472, at *1 (S.D.N.Y. June 20, 2019); *Alsaifullah v. Noeth*, No. 9:18-cv-0176 (MAD), 2018 WL 11311709 at *3–*4 (N.D.N.Y. Feb. 22, 2018); *see also Valles v. United States*, No. 19-cv-672 (JPC), 2021 WL 5322938, at *2 (S.D.N.Y. Nov. 8, 2021).

Furthermore, seven of the eight federal courts of appeals that have considered the issue have held that the relevant sex offender registration requirements did not satisfy the custody requirement for habeas jurisdiction. *See Corridore v. Washington*, 71 F.4th 491, 500–501 (6th Cir. 2023); *Clements v. Fla.*, 59 F.4th 1204, 1217 (11th Cir. 2023); *Calhoun v. Att'y Gen. of Colorado*, 745 F.3d 1070, 1072–74 (10th Cir. 2014); *Sullivan v. Stephens*, 582 F. App'x 375, 375 (5th Cir. 2014); *Wilson v. Flaherty*, 689 F.3d 332, 335–39 (4th Cir. 2012); *Virsnieks v. Smith*, 521 F.3d 707, 719–20 (7th Cir. 2008); *Henry v. Lungren*, 164 F.3d 1240, 2141–42 (9th Cir. 1999). Only the Third Circuit concluded otherwise. *See Piasecki v. Ct. of Common Pleas, Bucks Cnty., PA*, 917 F.3d 161, 177 (3d Cir. 2019). Moreover, *Piasecki* is distinguishable because the petitioner in that appeal was

subject to much more restrictive conditions than Petitioner. *See id.* at 164.

Accordingly, for all of the reasons set forth above, the Court concludes that Petitioner is not "in custody" within the meaning of Section 2254, and, therefore, the Court lacks jurisdiction to entertain the Petition.

The Court also lacks jurisdiction over the Petition because the New York SORA registration requirements are not "pursuant to the judgment" that Petitioner attacks. 28 U.S.C. § 2254(a); *see Fowler*, 2019 WL 2551766, at *5 ("the registration requirement was not imposed as part of the sentence and was imposed as a result of a separate, non-criminal proceeding"); *White*, 2021 WL 200857, at *7; *Rodriguez*, 2011 WL 3875328, at *8. As noted above, under Section 2254, a federal district court has jurisdiction to entertain a habeas petition only by "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). However, as the New York Court of Appeals has explained, "SORA 'is not a penal statute and the registration requirement is not a criminal sentence.'" *People v. Gravino*, 14 N.Y.3d 546, 556, 928 N.E.2d 1048 (2010) (quoting *North v. Bd. of Examiners of Sex Offenders of State of New York*, 8 N.Y.3d 745, 752, 871 N.E.2d 1133 (2007)). Thus, Petitioner was initially adjudicated a level two sex offender and, thereafter, reclassified as a level one sex offender in a distinct set of proceedings. *See* Marinelli Aff. ¶¶ 6, 10; *Krull*, 208 A.D.3d at 165–73, 172 N.Y.S.3d at 440–446.

Accordingly, even if Petitioner faced sufficiently severe restrictions on his liberty to satisfy the custody requirement, the Court would still lack jurisdiction over the Petition because New York SORA requirements are not "pursuant to the judgment" of conviction and sentence that Petitioner attacks, as required by Section 2254. 28 U.S.C. § 2254(a).

Separately, Petitioner objects to the portion of the Report and Recommendation concluding that the Court should not issue a certificate of appealability. Pet. Obj. at 6. Petitioner stresses that

the Second Circuit has not squarely held that district courts lack jurisdiction over habeas petitions like his. However, as explained in detail above, the great weight of authority establishes that the Court lacks jurisdiction and that this is not a close question. The Court concludes, *de novo*, that no certificate of appealability should issue.

## IV. CONCLUSION

For the reasons set forth above, the motion to dismiss [ECF No. 11] is GRANTED, the Petition is DISMISSED for lack of jurisdiction, and the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Indeed, in light of the nature of Petitioner's crimes, the fact that he was a law enforcement officer, the lenient sentence he received, and the outcomes of his prior state court proceedings, this Court granting Petitioner the relief he seeks would make a mockery of justice.

The Clerk of the Court is respectfully requested to terminate the motion at docket number 11 and to terminate this case.

**SO ORDERED.**

**Date: September 18, 2026**
**New York, NY**

Mary Kay Vyskocil

**MARY KAY VYSKOCIL**
**United States District Judge**